## STATE ex BOLEN CONSTRUCTION CO v DEPARTMENT OF HIGHWAYS

Ohio Appeals, 2nd Dist, Franklin Co

No 2272. Decided July 24, 1933

Harry C. Busch, Cincinnati, and Smith W. Bennett, Columbus, for plaintiff.

John W. Bricker, Attorney General, Columbus, and Thomas M. Miller, Assistant Attorney General, Columbus, for defendants.

## OPINION

By BARNES, J.

At the time of the submission of this case and oral argument it was admitted that the next lowest bidder with whom the contract had been entered into had practically completed the work of construction.

Under this situation in the exercise of sound discretion with which the court is vested it should not issue a mandate to award the contract to the plaintiff.

Counsel for plaintiff recognize that the relator has no vested right but that under the provisions of §12296, GC, the right is given as an added remedy in the mandamus action to recover damages as in a civil action. As a prerequisite to the right of damages as prescribed under the statute, it is urged that the court should make a finding that the award was wrongful and then hold the case for determination of damages.

In the case of State ex v Board of Public Service of Columbus, 81 Oh St, 218, it was held that the adoption of a resolution by the proper municipal authorities finding the bidder therein named to be the lowest and best bidder and directing the clerk to notify the bidder of that fact, but before such notice had been given rescinded its resolution, rejected all bids and readvertised, that such action was not such an abuse of discretion as would authorize the issuance of a writ of mandamus. The bidder had no vested right until the contract was entered into. The municipal authorities had the right to rescind their action at any time before the contract was entered into. The vested right of the bidder does not inure until the execution of the contract. The question of the abuse of discretion is always a matter for judicial inquiry and determination in a proper case.

Applying this principle to the instant case, no vested right of the plaintiff is involved.

The defendant had a legal right to change his views or rescind any action taken which was intended or construed as a determination that the plaintiff was the lowest and best bidder, provided in so doing the facts and circumstances would not disclose an abuse of discretion.

It is disclosed from the agreed statement of facts that the sole and only reason motivating the defendant Highway Commissioner in not awarding the contract to the plaintiff was the refusal of the District Engineer of the Bureau of Public Roads to consent to the award of the contract to the relator.

Was this an abuse of discretion on the part of the Highway Commissioner? Under the agreed statement of facts we find that the improvement involved is an emergency construction highway project to be constructed under the provisions of the Emergency Relief and Construction Act of 1932, passed by Congress and approved July 21, 1932, to the Federal Highway Act as amended and supplemented (U. S. C. title 23); that approximately 38.5% of the cost of said improvement is to be paid by the Secretary of Agriculture from money appropriated by Congress for expenditure in emergency construction on the Federal Aid Highway system and approximately 8.7% of the cost is to be paid by said Secretary under the provisions of the Federal Highway Act; that both of said acts authorize the said secretary to make rules and regulations for carrying out their provisions; that in said regulations so made and promulgated by said secretary he has ruled that no contract or award therefor shall be made by any state without prior concurrence in such action by the District Engineer of the Bureau of Public Roads; that such District Engineer and said Bureau refused to consent to the award of the contract to the relator but did concur in the award to the next lowest bidder, whom the Director then found to be the lowest and best bidder.

The pleadings and agreed statement of facts give no information as to why the District Engineer of the Bureau of Public Roads refused to consent to the award to the relator. If under the law, the District Engineer had any voice in awarding the contract the court would be compelled to indulge the presumption, in absence of evidence to the contrary, that his reasons for rejecting the relator as the lowest and best bidder were well founded. However, it is urged that the law gives him no right in the determination of the award.

It is admitted that the defendant, the State Highway Director, considered the concurrence of the Federal authorities as a qualification and factor to be considered in determining the lowest and best bidder on the contract in question.

Considering all the information at hand from the pleadings and agreed statement of facts we think it is very doubtful if the Federal authorities had the legal right to participate in the determination of the individual or company to whom the award would be made. We doubt very much if this was contemplated under the Federal Emergency Act and the acts supplemental thereto. In the very nature of things it would hardly seem possible that the United States District Engineer of the Bureau of Public Roads could place himself in position to intelligently pass on the personnel of the various bidders.

However, as we see it, the Director of Highways of Ohio was confronted with a situation wherein the Federal authorities could give or withhold aid in accordance with the requirements so made and promulgated by the Secretary of Agriculture. As we understand, the Federal aid had not been passed into the treasury of the State of Ohio. There was no vested right in the State of Ohio to receive it. It was in the nature of a loan but paid out as the work progressed on estimates and recommendations from the Federal authorities. There would be no court action through which the State could procure the aid. The distribution of the funds was in the discretion of the Secretary of Agriculture. Any abuse of the discretion would have to be corrected through executive or legislative action rather than judicial decree. It would seem that the defendant, the Director of Highways, was in the situation of either awarding the contract to the relator, who in his judgment was the lowest and best bidder and thereby waive or endanger the possibility of securing Federal aid or yield to the recommendation of the District Engineer of the Bureau of Public Roads whereby the Federal aid was assured.

The certificates of the Director of Finance, copies of which are attached to the agreed statement of facts, show that the funds available to be applied on the estimate were 50% of the total estimated cost and expense of the projects. This is referred to as a further indication of the necessity of receiving Federal aid.

Had the preliminary steps, advertisement and notice to bidders, either or all, conveyed the information that the award was to be concurred in by the District Engineer of the Bureau of Public Roads, much of the argument supporting the claim of abuse of discretion would have been removed.

The law applicable provides that the award should be made to the lowest and best bidder. The appropriation Act of the 89th General Assembly of Ohio (1931); §7, reads as follows:

"If any order and/or invoice drawn against any appropriation or rotary fund herein made is for labor and materials furnished, the aggregate cost of which exceeds $3,000, or for commodities purchased,

it shall show that the same was furnished or purchased pursuant to competitive bidding and that the lowest and/or best bidder was awarded the contract, unless the controlling board shall have authorized the furnishing of such labor or material or the purchase of such commodities without competitive bidding."

In the case of State ex Elliott v Connar, Supt. of Dept. of Public Works, 130 Oh St 310, on page 314 of the dictum the principle is announced and authorities cited to the effect that the appropriation act takes precedence over the provisions of previous general enactments on the same subject.

Under all the facts of the instant case it is not necessary to make a definite determination of the question of discretion for the reason that no relief can be granted to the relator by way of damages.

The action is against a department of the State of Ohio and no money judgment can be allowed payable from the treasury of the state. The case of the State of Ohio ex Charles Parrott et v The Board of Public Works of the State of Ohio, 36 Oh St, 409, is in point. Syllabus 5 reads as follows:

"In a proceeding in mandamus, where judgment is given for the plaintiff, §6753 of the Revised Statutes does not authorize the assessment of damages against the state in favor of the relator."

We also refer to page 415:
"This section (referring to §6753 of the Revised Statutes, now §12296, GC), certainly does not contemplate an award of damages against the state, in whose name alone the writ of mandamus can be prosecuted. And to assess damages in this case to be paid out of moneys in the treasury belonging to the state, would be in effect an assessment against the state."

The next question to be considered is whether or not damages might be awarded against O. W. Merrell individually. Under certain conditions damages are allowed against an official individually in his individual capacity, but where allowed the conduct complained of must be more than a mere mistake in judgment. Again referring to 36 Oh St, 415, supra, we find the folowing:

"And to assess them against the members of the Board of Public Works would be unjust for several reasons.
1. * * *

"2. The delay has been occasioned by an honest conviction that there was no authority in the board to make payment. If the relators have been injured by delay in making payment, they can look only to the general assembly for redress."

The following, taken from the agreed statement of facts answers all claims of bad faith on the part of the Director of Highways:

"It is admitted that the State Highway director considered the concurrence of the United States Secretary of Agriculture as a qualification and factor to be considered in determining the lowest and best bidder on the contract in question; otherwise plaintiff would have been determined as the lowest and best bidder, plaintiff's bid being about $3,000 lower than that of the bidder to whom the contract was awarded."

Also the following:
"Under the Federal Emergency Act of July 13, 1932, defendant claims that the Secretary of Agriculture has a right to make a regulation requiring the Highway Department of the various states to submit contracts between said Highway Departments and the successful bidder for his concurrence."

Plaintiff's petition will be dismissed at its costs. Exceptions will be allowed. Entry may be drawn accordingly.

HORNBECK, PJ, and KUNKLE, J, concur.