THE STATE, EX REL. HEADLEY, APPELLEE, *v.* INDUSTRIAL
COMMISSION OF OHIO, APPELLANT.

(No. 3624—Decided October 1, 1943.)

*Mr. Harold M. Palmer,* for appellee.
*Mr. Thomas J. Herbert,* attorney general, and *Mr. Robert E. Hall,* for appellant.

GEIGER, J. This is an appeal on questions of law from the judgment of the Court of Common Pleas, ordering the respondent to pay to Harold M. Palmer acting as attorney for the relator, an attorney fee of $250, together with costs.

On January 6, 1943, relator filed, in the Common Pleas Court, a petition in mandamus alleging that on April 18, 1940, relator filed with the respondent an application on a prescribed form for the payment of compensation, etc., in which application relator alleged that he sustained an injury on February 1, 1940, occurring in the course of and arising out of his employment with The Black Diamond Coal Company, an Ohio

corporation, amenable to the Workmen's Compensation Act; that such application was signed and was still pending in the files of the respondent which had failed and refused to make any order or finding as to whether relator's disability was the result of such injury, and had refused to pass upon the compensability of the claim; that on October 10, 1942, relator had requested respondent to determine whether his disability was compensable, and requested that a decision be made on this point; and that respondent by order of November 19th denied such request.

Relator in his petition prayed that a writ of mandamus be issued ordering the respondent to pass upon the question.

On January 6, 1943, a hearing was had before the Court of Common Pleas on the question as to whether a peremptory writ should issue, and the court then determined that a peremptory writ should not issue but allowed an alternative writ, returnable January 23, 1943, commanding the respondent immediately upon service, to make a finding upon the point at issue.

At the time of the hearing on January 6, 1943, at 9:30 a. m. it appeared that the respondent had made an order with respect to relator's claim in which the finding of November 19, 1942, denying relator's request was vacated and an order was made upon the relator's application for compensation and the commission found that claimant did not sustain an injury in the course of his employment on February 1st, 1940, within the meaning of the compensation law, and further found that the disability claimed since February 1, 1940, is not due to the alleged injury of such date, and it was ordered that the claim be disallowed and the application dismissed. This order, dated January 6th, was brought to the attention of the court as granting the relief prayed for in the relator's petition in man-

damus, but the court caused the alternative writ to issue. Upon the return of the alternative writ an entry was presented to the Attorney General for endorsement which found that the cause came on to be heard on the return of the alternative writ, and it appearing that the respondent had complied with the order contained in such writ, it was considered that no further proceedings be had in the action, and that the cause be discontinued, which was so ordered.

The entry further provided that the respondent pay to Harold M. Palmer an attorney fee of $250. From this judgment the appeal is being perfected on questions of law.

The matter has been twice before this court, first, on a motion made by the relator to dismiss the appeal on the claimed ground that the order is not a final order. This motion was denied in a decision rendered June 8, 1943. The matter further came on for hearing upon an application for rehearing of the order of this court dismissing the relator's motion to dismiss the appeal, and the application for rehearing was then overruled as of June 21, 1943.

The errors assigned by respondent are:

(1) That the judgment of the court is contrary to law.

(2) That the Common Pleas Court was without jurisdiction to order the respondent to pay an attorney fee to counsel for relator.

(3) Other apparent errors.

It is claimed that the Court of Common Pleas was in error in ordering the payment of the attorney fee, and further that on January 6, 1943, at the time of the hearing of the question as to whether an alternative writ should issue, a moot question was presented, because prior to the hearing on such date the respondent had made an order complying with the prayer contained

in the petition. The respondent does not complain of the issuing of the alternative writ. The question presented on appeal assigned as error is the fixing of an attorney fee for relator's counsel. The alleged authority for fixing the attorney fee is .claimed to be found in Section 1465-90, General Code, which provides that:

"If the order of the commission does not state the ground or grounds on which the claim was denied, or if the order of the Industrial Commission is not definite in such regards, the claimant may maintain an action in mandamus against the commission in the Supreme Court of Ohio, and, if the final order in such proceedings directs the commission to state the ground or grounds of its order or make the order definite as to the ground or grounds thereof, then there shall be taxed as part of the costs assessed against the commission an attorney fee in the amount of $250.00."

It is asserted by respondent-appellant that from the provision of Section 1465-90, General Code, above quoted, it is clear that only when such action is in the Supreme Court can an attorney fee in the amount of $250 be assessed against the respondent. The statute provides that the claimant *may* maintain the action in the Supreme Court. When this matter was urged in the court below that court indicated that it was not bound by the provisions of Section 1465-90, General Code, but that under the general mandamus provisions, particularly under Section 12296, General Code, the court had jurisdiction to assess damages against the respondent, and under the provision of such section the attorney fee was allowed in the same amount that would have been allowed had the action been pending in the Supreme Court under the provision of Section 1465-90, General Code.

It is pointed out by counsel for respondent-appel-

lant that in the case of *State, ex rel. Parrott,* v. *Board of Public Works,* 36 Ohio St., 409, relating to a proceeding in mandamus, it was held that the section then existing and now numbered 12296, does not authorize the assessment of damages against the state in favor of the relator, the court in that case stating that the section does not contemplate an award of damages against the state in whose name alone the writ can be prosecuted. Counsel also point to the case of *State, ex rel. Bolen Construction Co.,* v. *Department of Highways,* 15 Ohio Law Abs., 630, decided by this court on July 24, 1933, and affirmed without opinion in the Supreme Court, 127 Ohio St., 587, 190 N. E., 246, in which it was stated:

"The provision of Section 12296 G. C. for the assessment of damages in favor of the relator in a mandamus action does not authorize such an assessment against the state or one of its departments."

Counsel for relator-appellee states that he is not attempting to support the fee by any claim that it is an assessment of damages under the provision of Section 12296, General Code, and disclaims any intention to so support such fee. Counsel in the court below and here, asserts that the provision of Section 1465-90, General Code, states that the claimant *may* maintain an action in the Supreme Court, and that the provision for filing the action in the Supreme Court was permissive only and did not deprive the Court of Common Pleas of its jurisdiction in mandamus. It is asserted that the provision of the section did not attempt to deprive the Common Pleas Court of jurisdiction in mandamus actions against the commission, and that no intention is shown in the statute to make the assessment of an attorney fee in the statutory amount of $250 operative only in actions instituted in the Supreme Court. It is asserted that the work involved in

such proceedings in Common Pleas Court is exactly similar to that required if the action be brought in the Supreme Court. Counsel asserts that the amendment providing for an attorney fee was essentially a punitive measure against the commission requiring the commission to be prompt and accurate under penalty of such an attorney fee being assessed against it. Counsel asserts that there is no reason for any limitation not specifically provided for in the language of the amendment, and argues, but not convincingly, that while there is a special provision by which an attorney fee of $250 "shall be taxed as a part of the costs assessed against the commission in an action pending in the Supreme Court," there is no prohibition against the allowance of such a fee in the Court of Common Pleas.

It will be observed that Section 1465-90, General Code, has other provisions for the allowance of an attorney fee to plaintiff's attorney to be fixed by the trial judge. This provision for a fee is only when the commission has denied the applicant's claim and upon rehearing there is a trial before the commission and the cause is appealed to the Court of Common Pleas and is tried upon the evidence taken before the commission. That provision, of course, has nothing to do with the claimed right of the attorney to receive a compensation for filing in the Common Pleas Court an action in mandamus.

Even though the action may have been brought in the Supreme Court, there is no obligation imposed by the statute to allow a fee of $250, except under certain conditions, as, for instance, if the final order directs the commission to state the grounds of its orders or make the same definite, in cases where the commission has not stated the grounds for denying the claim, or if the commission is not definite.

In the case at bar there is no order of the court requiring the commission to do any of these things required in the Supreme Court. The court simply held that it appearing that the "commission has complied with the order contained in the writ, no further proceedings will be had, and the case would be discontinued." Had such a situation arisen in a mandamus action begun originally in the Supreme Court and had the same progressed along the same path, there having been no final order in the Supreme Court by which the commission was directed to do the things required, it is doubtful whether even the Supreme Court could order, under the statute, the payment of an attorney fee of $250. Certain things must precede the allowance of such a fee and none of them have occurred in this case.

Section 12296, General Code, in the chapter relating to mandamus provides that:

"If judgment be given for the plaintiff, the relator may recover the damages which he has sustained, to be ascertained by the court or a jury, or by a referee or master, as in a civil action, and costs; and a peremptory mandamus shall also be granted to him without delay."

It has been held in reference to such section that it has reference solely to instances where a party entitled to the writ has been injured pecuniarily by delay in securing the writ. *State, ex rel., v. Board of Education,* 8 N. P., 207, 11 O. D., 289. As we read this section it is certainly no authority for permitting the allowance of an attorney fee under the conditions disclosed in this action.

The judgment of the Common Pleas Court is reversed.

*Judgment reversed.*

BARNES, P. J., and HORNBECK, J., concur.